UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GERARDO GONZALEZ DURAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FERNANDEZ BROTHERS, INC., <br><br> Defendant. | Case No. 15-CV-03058-LHK <br><br> **ORDER DENYING MOTION TO REMAND** <br><br> Re: Dkt. No. 10 |

Plaintiffs Gerardo Gonzalez Duran and Virginia Chavez Rodriguez (collectively, "Plaintiffs") bring this action against Defendant Fernandez Brothers, Inc. ("Defendant" or "Fernandez Brothers"). Before the Court is Plaintiffs' motion to remand the case to Monterey County Superior Court. ECF No. 10 ("Mot."). The Court finds that this motion is suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and thus vacates the hearing set for November 19, 2015, at 1:30 p.m. The case management conference, currently scheduled for November 19, 2015, at 1:30 p.m., remains as set. Having considered the parties' submissions, the relevant law, and the record in this case, the Court DENIES Plaintiffs' motion to remand.

I. BACKGROUND

A. Factual Background

1

Case No. 15-CV-03058-LHK
ORDER DENYING MOTION TO REMAND

Plaintiffs Gerardo Gonzales Duran ("Gonzales") and Virginia Chavez Rodriguez ("Chavez") allege that they are piece-rate agricultural workers who worked for Defendant and who "were not paid wages pursuant to California law." ECF No. 1-1 ("Compl.") ¶ 1. Specifically, Plaintiffs allege that Defendant "did not and do not compensate piece-rate agricultural workers for all unproductive time, including but not limited to unproductive time spent performing mandatory exercises, attending mandatory meetings, changing harvesting locations in the same workday, and for the rest period time during which they performed no piece-rate work." *Id.* ¶ 2. Plaintiffs also allege that Defendant "did not provide . . . employees accurate itemized wage statements (check stubs) and did not pay . . . employees all the wages owed to them upon termination." *Id.*

Plaintiffs assert four causes of action in their complaint. First, Plaintiffs allege that Defendant failed to pay minimum wages in violation of California Labor Code §§ 558, 1194, 1197, and 1198. Second, Plaintiffs allege that Defendant failed to provide accurate wage statements in violation of California Labor Code §§ 226 and 558. Third, Plaintiffs allege that Defendant failed to pay all wages owed upon termination in violation of California Labor Code §§ 201–203 and 558. Fourth, Plaintiffs allege that they are entitled to restitution pursuant to California Business and Professions Code §§ 17200 *et seq.* Compl. ¶ 17–39. Plaintiffs seek relief for themselves and as class representatives on behalf of "[a]ll persons who . . . worked for [Defendant] as piece-rate agricultural workers" during a certain time period. *Id.* ¶ 14.[1]

**B. Procedural History**

On June 2, 2015, Plaintiffs filed suit in Monterey County Superior Court. Defendant removed this case to federal court on July 1, 2015. ECF No. 1 ("Notice of Removal"). In

---

[1] The complaint alleges four sub-classes: a minimum wages class, comprised of all persons who worked for Defendant in the three years prior to the filing of this action; a wage settlement class, comprised of all persons who worked for Defendant in the one year prior to the filing of this action; a terminated employees class, comprised of all persons who worked for Defendant in the three years prior to the filing of this action; and a restitution class, comprised of all persons who worked for Defendant in the four years prior to the filing of this action. Compl. ¶ 14. These classes correspond to Plaintiffs' four causes of action. *Id.* ¶¶ 21, 25, 34, 39.

Defendant's notice of removal, Defendant alleged that federal jurisdiction was proper pursuant to the Class Action Fairness Act ("CAFA").  Plaintiffs filed a motion to remand on July 31, 2015.  Defendant filed an opposition on September 24, 2015, ECF No. 19 ("Opp'n"), and Plaintiffs filed a reply on October 9, 2015, ECF No. 20 ("Reply").  On October 15, 2015, Defendant filed an administrative motion to file a sur-reply.  ECF No. 22.  In this administrative motion, Defendant contended that "Plaintiffs' Reply . . . raise[d] entirely new legal and factual issues challenging the interpretation of the plain language of CAFA."  *Id.* at 3.  On October 25, 2015, the Court denied Defendant's motion.  ECF No. 25.  However, the Court noted that, "under Ninth Circuit precedent, the Court shall not consider issues that are raised for the first time by the parties in their reply briefs."  *Id.* at 1.

## II.     LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case in the first instance.  28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.").  "In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331."  *Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005).  If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court.  28 U.S.C. § 1447(c).

There is no presumption against removal jurisdiction in CAFA cases.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014) (vacating district court's remand order in putative class action on the ground that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").  The defendant, however, still bears the burden of establishing removal jurisdiction.  *Id.*  A notice of removal must contain a "short and plain statement of the grounds for removal," a requirement

that tracks the general pleading standard in Rule 8(a) of the Federal Rules of Civil Procedure. *Id.* at 553 (citing 28 U.S.C. § 1446(a)).

### III. DISCUSSION

#### A. Minimal Diversity

CAFA provides federal courts with original jurisdiction to hear a class action if the (1) class has more than 100 members, (2) the parties are minimally diverse, and (3) the matter in controversy exceeds $5,000,000 in value. *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013). Of these requirements, Plaintiffs challenge only Defendant's contention that the parties are minimally diverse. Mot. at 3; Notice of Removal ¶¶ 11, 17. On this point, Plaintiffs argue that "[b]oth named Plaintiffs are residents of California," that "Defendant is a California corporate citizen," and that "the putative class is explicitly limited to individuals who worked for Defendant in California." Mot. at 4. These facts, Plaintiffs contend, make the exercise of federal jurisdiction inappropriate.

Plaintiffs' contentions lack merit. CAFA provides that federal "district courts shall have original jurisdiction of any civil action [that] . . . is a class action in which any member of a class of plaintiffs is . . . a citizen or subject of a foreign state and any defendant is a citizen of a State." 28 U.S.C. § 1332(d)(2)(B). Thus, for purposes of federal jurisdiction, the operative question is not Plaintiffs' residency, but Plaintiffs' citizenship. *See, e.g.*, *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[T]he diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency."); *McMorris v. TJX Companies, Inc.*, 493 F. Supp. 2d 158, 162 (D. Mass. 2007) ("Federal courts that have focused on the issue consistently have rejected the proposition that mere residence establishes a party's citizenship for the purpose of diversity.").

Defendant alleges that one of the named Plaintiffs "was at the time the Complaint was filed, and is at the time the Complaint was removed, a citizen or a subject of a foreign state." Notice of Removal at 5; Opp'n at 4. Moreover, Defendant alleges that "multiple members of the putative class were and are also citizens or subjects of a foreign state." Notice of Removal at 5. In support of this allegation, Defendant has submitted a Declaration by Terri Martinez, an office

4

Case No. 15-CV-03058-LHK
ORDER DENYING MOTION TO REMAND

manager at Fernandez Brothers.  ECF No. 19-1 ("Martinez Decl.") ¶¶ 1–2.  After conducting a review of Defendant's personnel records, Martinez identified "1,075 piece-rate agricultural workers employed by Defendant from 2011 through the present." *Id.* ¶ 3.  "In total, of these 1,075 piece-rate employees employed by Defendant . . . , their respective I-9 forms indicate that only eleven (11) are United States citizens and one thousand and sixty-four (1,064) are not United States citizens." *Id.* ¶ 6.

Considered together, these statements sufficiently allege federal jurisdiction under CAFA.  Even if most class members are residents of California, most class members are not *citizens* of California, because these class members are not citizens of the United States. *See Kanter*, 265 F.3d at 857 ("To be a citizen of a State, a natural person must first be a citizen of the United States.").  Indeed, Defendant's personnel records suggest that most class members are not citizens of the United States, but are instead "citizen[s] or "subject[s] of a foreign state." 28 U.S.C. § 1332(d)(2)(B).  These records, alongside the rest of Defendant's allegations, satisfy the requirement that the removing party provide a "short and plain statement of the grounds for removal."  28 U.S.C. § 1446(a).

Plaintiffs in fact concede that Plaintiffs seek to represent "[a] class of individuals whose status is overwhelming[ly] that of 'Permanent Resident Alien[s].'" Reply at 2.  Nonetheless, Plaintiffs argue, for the first time in Plaintiffs' reply, that the Court should reject Ninth Circuit precedent and treat permanent resident aliens as U.S. citizens for purposes of this case.  In support of this argument, Plaintiffs point to certain statutory language in an earlier version of CAFA. *Id.* at 2–5.  Plaintiffs acknowledge, however, that "this language [has now been] deleted." *Id.* at 1.

The Court rejects Plaintiffs' argument.  First, as the Court has noted, the Court shall not consider issues raised for the first time by the parties in their reply briefs. *See* ECF No. 25 at 1 (citing *Thompson v. Comm'r*, 631 F.2d 642, 649 (9th Cir. 1980)).  Plaintiffs did not raise the instant argument in Plaintiffs' motion to remand, nor did Defendant raise the argument in Defendant's opposition.  Second, Ninth Circuit precedent makes clear that "[t]o be a citizen of a State, a natural person must first be a citizen of the United States." *Kanter*, 265 F.3d at 857.  In

other words, lawful permanent residents cannot be considered citizens of a particular state because they are, by definition, *not* U.S. citizens.  Finally, Plaintiffs' entire argument is premised on statutory language that has since been removed.  The Court declines to apply statutory language that is no longer in force.  The language currently in place provides federal district courts with original jurisdiction for class actions that involve plaintiffs who are "citizen[s] or subject[s] of a foreign state and any defendant [that] is a citizen of a State."  28 U.S.C. § 1332(d)(2)(B).  Defendant has sufficiently alleged that members of the proposed class are "citizen[s] or subject[s] of a foreign state."  Thus, these allegations sufficiently establish federal jurisdiction under CAFA.

### B. "Home State" and "Local Controversy" Exceptions

The Court turns next to whether any exceptions to CAFA jurisdiction may apply. Plaintiffs claim that two exceptions to CAFA jurisdiction are applicable: the local controversy exception and the home state exception.  Mot. at 5.  The local controversy exception applies only if more than "two-thirds of the members of all proposed plaintiff classes . . . are citizens of the State in which the action was originally filed."  28 U.S.C. § 1332(d)(4)(A)(i)(I).  Likewise, the home state exception applies only where "two-thirds or more of the members of all proposed plaintiff classes . . . are citizens of the State in which the action was originally filed."  28 U.S.C. § 1332(d)(4)(B).  In other words, for either exception to apply, at least two thirds of all class members must be citizens of the State where the action was originally filed.  That requirement is not met here.  Of the 1075 potential members in the class, only 11 are U.S. citizens.  The remaining class members are not U.S. citizens and cannot, therefore, be citizens of the State in which the action was originally filed.  Accordingly, the home state and local controversy exceptions are inapplicable to the instant case.

### C. Remaining Matters

The Court turns finally to two remaining matters.  First, Plaintiffs request that the Court award Plaintiffs' "reasonable attorneys' fees and costs incurred in remanding this proceeding." Mot. at 8.  In light of the Court's decision to deny Plaintiffs' motion to remand, the Court denies this request.  *See, e.g.*, *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("[C]ourts may

award attorney's fees . . . only where the removing party lacked an objectively reasonable basis for seeking removal."). Second, Plaintiffs request an expedited discovery schedule "concerning the citizenship of the putative class." Mot. at 7. This request is governed by the good cause standard. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 274 (N.D. Cal. 2002). The Court finds that Plaintiffs have failed to demonstrate good cause. There is no reason why expedited discovery should occur here: through the normal course of discovery, Plaintiffs shall be able to examine Defendant's personnel records and determine the citizenship of putative class members. Plaintiffs' request for an expedited discovery schedule is denied.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiffs' motion to remand this case to Monterey County Superior Court. The Court also DENIES Plaintiffs' request for attorney's fees and costs and DENIES Plaintiffs' request for an expedited discovery schedule.

**IT IS SO ORDERED.**

Dated: November 12, 2015

_____
LUCY H. KOH
United States District Judge

7
Case No. 15-CV-03058-LHK
ORDER DENYING MOTION TO REMAND